UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Jose Vargas Mendoza,
      Claimant

      v.                                      Civil No. 10-cv-357-SM
                                              Opinion No. 2011 DNH 073

Michael J. Astrue, Commissioner,
Social Security Administration
      Defendant

**O R D E R**

        Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), claimant,

Jose Vargas Mendoza, moves to reverse the Commissioner's decision

denying his application for Social Security Disability Insurance

Benefits under Title II of the Social Security Act and

Supplemental Security Income Benefits under Title XVI of the Act.

See 42 U.S.C. §§ 423, 1381-1383c.  The Commissioner objects and

moves for an order affirming his decision.  For the reasons

discussed below, claimant's motion is granted (in part), and the

Commissioner's motion is denied.


                        **Factual Background**

I.    Procedural History.

        On May 21, 2007, claimant filed an application for

Disability Insurance Benefits and Supplemental Security Income

Benefits, alleging that he had been unable to work since January 1, 2007, due to a ruptured left pectoralis muscle and lumbar disc disease.  A Federal Reviewing Official denied his applications, Administrative Record ("Admin. Rec.") at 77-79, and claimant requested a hearing before an Administrative Law Judge ("ALJ").

On March 11, 2010, claimant, his attorney, and a vocational expert appeared before an ALJ, who considered claimant's application de novo.  Five weeks later, the ALJ issued his written decision, concluding that claimant retained the residual functional capacity to perform the physical and mental demands of a range of light work.  Admin. Rec. at 24.  Although claimant's limitations precluded him from performing his past relevant work as a machine operator or warehouse worker, Admin. Rec. at 27, the ALJ concluded that there was still a significant number of jobs in the national economy that claimant could perform, id. at 27-28.  Accordingly, the ALJ determined that claimant was not disabled, as that term is defined in the Act, at any time prior to the date of his decision.  Id. at 28.

Claimant then sought review of the ALJ's decision by the Decision Review Board, which was unable to complete its review during the time allowed.  Admin. Rec. at 1.  Accordingly, the ALJ's denial of claimant's application for benefits became the

final decision of the Commissioner, subject to judicial review.
Subsequently, claimant filed a timely action in this court,
asserting that the ALJ's decision is not supported by substantial
evidence and seeking a judicial determination that he is disabled
within the meaning of the Act.  Claimant then filed a "Motion for
Order Reversing Decision of the Commissioner" (document no. 11).
In response, the Commissioner filed a "Motion for Order Affirming
the Decision of the Commissioner" (document no. 12).  Those
motions are pending.


II.  <u>Stipulated Facts</u>.

     Pursuant to this court's Local Rule 9.1(d), the parties have
submitted a statement of stipulated facts which, because it is
part of the court's record (document no. 13), need not be
recounted in this opinion.  Those facts relevant to the
disposition of this matter are discussed as appropriate.


**Standard of Review**

I.  "<u>Substantial Evidence</u>" and Deferential Review.

     Pursuant to 42 U.S.C. § 405(g), the court is empowered "to
enter, upon the pleadings and transcript of the record, a
judgment affirming, modifying, or reversing the decision of the
Commissioner of Social Security, with or without remanding the

cause for a rehearing."  Factual findings and credibility determinations made by the Commissioner are conclusive if supported by substantial evidence.  See 42 U.S.C. §§ 405(g), 1383(c)(3).  See also Irlanda Ortiz v. Secretary of Health & Human Services, 955 F.2d 765, 769 (1st Cir. 1991) (holding that it is "the responsibility of the [Commissioner] to determine issues of credibility and to draw inferences from the record evidence.  Indeed, the resolution of conflicts in the evidence is for the [Commissioner], not the courts").  Consequently, provided the ALJ's findings are properly supported, the court must sustain those findings even when there may also be substantial evidence supporting the contrary position.  See, e.g., Tsarelka v. Secretary of Health & Human Services, 842 F.2d 529, 535 (1st Cir. 1988); Rodriquez v. Secretary of Health & Human Services, 647 F.2d 218, 222 (1st Cir. 1981).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).  It is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.  Consolo v. Federal

Maritime Comm'n., 383 U.S. 607, 620 (1966).  See also Richardson
v. Perales, 402 U.S. 389, 401 (1971).


II.   The Parties' Respective Burdens.

     An individual seeking Social Security disability benefits is
disabled under the Act if he or she is unable "to engage in any
substantial gainful activity by reason of any medically
determinable physical or mental impairment which can be expected
to result in death or which has lasted or can be expected to last
for a continuous period of not less than 12 months."  42 U.S.C.
§ 423(d)(1)(A).  See also 42 U.S.C. § 1382c(a)(3).  The Act
places a heavy initial burden on the claimant to establish the
existence of a disabling impairment.  See Bowen v. Yuckert, 482
U.S. 137, 146-47 (1987); Santiago v. Secretary of Health & Human
Services, 944 F.2d 1, 5 (1st Cir. 1991).  To satisfy that burden,
the claimant must prove, by a preponderance of the evidence, that
his impairment prevents him from performing his former type of
work.  See Gray v. Heckler, 760 F.2d 369, 371 (1st Cir. 1985);
Paone v. Schweiker, 530 F. Supp. 808, 810-11 (D. Mass. 1982).  If
the claimant demonstrates an inability to perform his previous
work, the burden shifts to the Commissioner to show that there
are other jobs in the national economy that he can perform.  See
Vazquez v. Secretary of Health & Human Services, 683 F.2d 1, 2

(1st Cir. 1982).  See also 20 C.F.R. §§ 404.1512(g) and
416.912(g).


In assessing a disability claim, the Commissioner considers
both objective and subjective factors, including: (1) objective
medical facts; (2) the claimant's subjective claims of pain and
disability, as supported by the testimony of the claimant or
other witnesses; and (3) the claimant's educational background,
age, and work experience.  See, e.g., Avery v. Secretary of
Health & Human Services, 797 F.2d 19, 23 (1st Cir. 1986);
Goodermote v. Secretary of Health & Human Services, 690 F.2d 5, 6
(1st Cir. 1982).  When determining whether a claimant is
disabled, the ALJ is also required to make the following five
inquiries:

    (1)  whether the claimant is engaged in substantial
         gainful activity;

    (2)  whether the claimant has a severe impairment;

    (3)  whether the impairment meets or equals a listed
         impairment;

    (4)  whether the impairment prevents the claimant from
         performing past relevant work; and

    (5)  whether the impairment prevents the claimant from
         doing any other work.

20 C.F.R. § 404.1520.  See also 20 C.F.R. § 416.920.  Ultimately,
a claimant is disabled only if his:

> physical or mental impairment or impairments are of
> such severity that he is not only unable to do his
> previous work but cannot, considering his age,
> education, and work experience, engage in any other
> kind of substantial gainful work which exists in the
> national economy, regardless of whether such work
> exists in the immediate area in which he lives, or
> whether a specific job vacancy exists for him, or
> whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A).  See also 42 U.S.C. § 1382c(a)(3)(B).

With those principles in mind, the court reviews claimant's
motion to reverse and the Commissioner's motion to affirm his
decision.

## Discussion

I.   Background - The ALJ's Findings.

In concluding that claimant was not disabled within the
meaning of the Act, the ALJ properly employed the mandatory five-
step sequential evaluation process described in 20 C.F.R.
§§ 404.1520 and 416.920.  Accordingly, he first determined that
claimant had not been engaged in substantial gainful employment
since his alleged onset of disability: January 1, 2007.  Admin.
Rec. at 23.  Next, he concluded that claimant suffers from the
following severe impairments: "left upper extremity disorder and
degenerative disc disease of the lumbar spine."  Id. at 24.

Nevertheless, the ALJ determined that those impairments,
regardless of whether they were considered alone or in
combination, did not meet or medically equal one of the
impairments listed in Part 404, Subpart P, Appendix 1.  Admin.
Rec. at 24.  Claimant does not challenge any of those findings.

Next, the ALJ concluded that claimant retained the residual
functional capacity ("RFC") to perform the exertional demands of
a range of light work.[1]  He noted, however, that claimant cannot
perform jobs that involve reading or writing; he cannot perform
overhead reaching with his left arm; he can only occasionally
engage in tasks involving pushing, pulling, and horizontal
reaching with his left hand; he cannot climb ladders or
scaffolds; and he can only perform unskilled work, involving
routine, repetitive tasks.  Admin. Rec. at 24.  In light of those

---

[2]     "RFC is what an individual can still do despite his or her
functional limitations.  RFC is an administrative assessment of
the extent to which an individual's medically determinable
impairment(s), including any related symptoms, such as pain, may
cause physical or mental limitations or restrictions that may
affect his or her capacity to do work-related physical and mental
activities.  Ordinarily, RFC is the individual's maximum
remaining ability to do sustained work activities in an ordinary
work setting on a regular and continuing basis, and the RFC
assessment must include a discussion of the individual's
abilities on that basis."  Social Security Ruling ("SSR"), 96-8p,
Policy Interpretation Ruling Titles II and XVI: Assessing
Residual Functional Capacity in Initial Claims, 1996 WL 374184 at
*2 (July 2, 1996) (citation omitted).

restrictions, the ALJ concluded that claimant was not capable of returning to his prior job.  Id. at 27.

Finally, the ALJ considered whether there were any jobs in the national economy that claimant might perform.  Relying upon the testimony of a vocational expert, the ALJ concluded that, notwithstanding claimant's exertional limitations, he "is capable of making a successful adjustment to other work that exists in significant numbers in the national economy."  Id. at 28. Consequently, the ALJ concluded that claimant was not "disabled," as that term is defined in the Act, through the date of his decision.

II.   Weight Ascribed to Treating Source Opinions.

Claimant challenges the ALJ's determination that he was capable of performing a range of light work, asserting that the ALJ failed to ascribe appropriate weight to the opinions of his treating physicians or, alternatively, neglected to adequately explain why he chose to discount those opinions.  The court agrees.

In discussing the weight that will be given to the opinions of "treating sources," the pertinent regulations provide:

> Generally, we give more weight to opinions from [the
> claimant's] treating sources, since these sources are
> likely to be the medical professionals most able to
> provide a detailed, longitudinal picture of [the
> claimant's] medical impairment(s) . . .  When we do not
> give the treating source's opinion controlling weight,
> we apply the factors listed [in this section] in
> determining the weight to give the opinion.  We will
> always give good reasons in our notice of determination
> or decision for the weight we give [the claimant's]
> treating source's opinion.

20 C.F.R. § 404.1527(d)(2).  <u>See also</u> Social Security Ruling,

<u>Policy Interpretation Ruling Titles II and XVI: Giving</u>

<u>Controlling Weight to Treating Source Medical Opinions</u>, SSR 96-

2p, 1996 WL 374188 (July 2, 1996) (when the ALJ renders an

adverse disability decision, his or her notice of decision "must

contain <u>specific reasons</u> for the weight given to the treating

source's medical opinion, supported by the evidence in the case

record, and must be sufficiently specific to make clear to any

subsequent reviewers the weight the adjudicator gave to the

treating source's medical opinion and the reasons for that

weight.") (emphasis supplied).


Here, in reaching the conclusion that claimant retained "the

residual functional capacity to perform light work," Admin. Rec.

at 24, the ALJ gave "significant weight" to the opinion of the

state agency, non-examining physician, <u>id</u>. at 27.  The ALJ gave

"little weight" to the opinions of claimant's treating

physicians, Dr. Robert Bell (the surgeon who repaired claimant's torn pectoralis) and Dr. Jacinto Casio (claimant's primary care physician).  Id.  There is, of course, no per se rule requiring the ALJ to give greater weight to the opinion of a treating physician than that of a consulting physician.  See Arroyo v. Secretary of Health & Human Services, 932 F.2d 82, 89 (1st Cir. 1991); Tremblay v. Secretary of Health & Human Services, 676 F.2d 11, 13 (1st Cir. 1982).  Nevertheless, when, as here, an ALJ gives less than controlling weight to the opinions of treating physicians, he or she must explain the reason(s) for doing so, in a manner that is "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight."  SSR 96-2p, 1996 WL 374188 at *5.

In this case, the ALJ failed to adequately explain his reasons for giving controlling weight to the non-examining physician, while giving little weight to the opinions of claimant's treating physicians.  Instead, he simply declared that the non-examining physician's opinion was "given significant weight because it is consistent with and supported by the evidence of record," while the opinions of claimant's treating physicians were given "little weight" because they are "not consistent with or supported by the evidence of record."  Admin.

11

Rec. at 27.  Why that is so is not disclosed.  More than a conclusory declaration is necessary, particularly given the fact that the opinions of the non-examining physician and claimant's treating physician are so dramatically different.

      With regard to the non-examining physician's report, two points are probably worth mentioning.  First, because that report was prepared in April of 2008, it appears the author did not have access to the results of claimant's then-recent diagnostic imaging (MRI) – testing that was ordered to determine the cause of claimant's chronic severe back pain.  But even if the non-examining physician <u>did</u> have access to claimant's MRI results, his report makes no mention whatsoever of claimant's degenerative disc disease – an impairment the ALJ recognized as severe.  Admin. Rec. at 24.  Instead, the report makes reference simply to claimant's "chronic [left] pectoralis major rupture."  Admin. Rec. at 335.  Second, the report was prepared before Dr. Casio (claimant's treating physician) issued any of his three separate opinions that claimant was, at least at the time, disabled and unable to engage in any substantial gainful activity.  <u>See</u> Admin. Rec. at 366, 394, and 438.  Consequently, the non-examining physician did not have the benefit of Dr. Casio's opinions, nor

did he have the opportunity to explain his reasons for
disagreeing (or agreeing) with them.[2]

Given the fact that the non-examining state agency physician
completed his review of claimant's medical records without the
benefit of plainly relevant medical information (e.g., results of
diagnostic imaging and the various opinions of treating
physicians), and given the fact that his report addresses only
one of claimant's two severe impairments, it is difficult to
accept that report as being "consistent with and supported by the
evidence of record," or to understand why it is entitled to
"significant weight," particularly in the absence of an
explanation.  Plainly, further explanation by the ALJ is needed.

---

[2]   On May 26, 2010, Dr. Casio issued a <u>fourth</u> opinion
concerning claimant's ability to engage in substantial gainful
activity: a "Medical Source Statement of Ability to do Work-
Related Activities," in which he concluded, that claimant was
capable of lifting less than 10 pounds, could stand and walk for
fewer than 2 hours in an 8-hour day, and could sit for fewer than
6 hours in an 8-hour day.  Admin. Rec. at 4-6.  He supplemented
that report with a letter, in which he opined that claimant "is
not capable of sustaining gainful employment at this time" due to
"intractable low back pain from his significant lumbar disk
disease and chronic pain associated with the pectoralis muscle
rupture."  <u>Id</u>. at 7.  But, because that form and the accompanying
medical opinions were issued after the ALJ rendered his adverse
disability decision, they are not properly at issue in this
appeal.  <u>See</u> 20 C.F.R. § 405.430.

## Conclusion

For the foregoing reasons, claimant's motion to reverse the decision of the Commissioner (document no. 11) is granted to the extent he seeks a remand to the ALJ for further proceedings.  The Commissioner's motion to affirm his decision (document no. 12) is denied.


Pursuant to sentence four of 42 U.S.C. § 405(g), this matter is hereby remanded to the ALJ for further proceedings consistent with this order.  The Clerk of Court shall enter judgment in accordance with this order and close the case.

       **SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

May 10, 2011

cc:  Janine Gawryl, Esq.
     Gretchen L. Witt, Esq.